```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/6/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EBIRANNA EVANS,

                Plaintiff,

    -v-

BRONXWORKS, INC.

                Defendant.
-------------------------------------------------------------------X

24-cv-7507 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Pro se Plaintiff Ebiranna Evans ("Plaintiff" or "Evans") moves to remand this case to New York state court. Dkt. No. 10. For the following reasons, the motion is denied.

    Plaintiff filed a summons and complaint in New York Supreme Court, Bronx County, on September 6, 2024. Dkt. No. 1. The complaint alleged that Plaintiff sought emergency assistance from Bronxworks related to domestic violence and was repeatedly turned away or delayed despite expressing the urgency of her situation. *Id.* The complaint brought claims for breach of contract, discrimination, and retaliation. *Id.* It stated that Defendant had violated 34 U.S.C. § 12474(d)(1)(A)(B)(C), 34 U.S.C. § 12475(c)(2)(A)(B)(C), 34 U.S.C. § 12494, and 34 U.S.C. 12491(b)(1),[1] (d)(2)(C), and (f). *Id.*

    Defendant Bronxworks, Inc. ("Defendant" or "Bronxworks") removed the case to this court on October 3, 2024. Dkt. No. 1. Defendants notice of removal states that the case is properly removed because Plaintiff brings claims under federal statutes, making removal proper

---

[1] The copy of the complaint currently on file with the court appears to state that Plaintiff brings claims under "U.S.C. 1249." *See* Dkt. No. 1. There is no 34 U.S.C. § 1249, and in context, the Court understands the complaint to refer to 34 U.S.C. § 12491. If this is incorrect, Plaintiff may clarify the correct statute in future filings.

under 28 U.S.C. § 1331. *Id.* ¶ 3. Plaintiff argues that the case should be remanded because the state court properly has jurisdiction over actions brought pursuant to 34 U.S.C. § 12361, and her complaint should be understood to seek relief under that statute. Dkt. No. 11. She additionally argues that 28 U.S.C. § 1445(d) deems this action nonremovable. *Id.* Because Plaintiff is proceeding pro se, her submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Federal law states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This means that a defendant has the right to remove a case to federal court if the federal court would properly have jurisdiction over the case. One type of case over which a federal court has jurisdiction is a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The statutes Plaintiff relies on in her complaint, such as 34 U.S.C. § 12474(d)(1)(A)(B)(C), 34 U.S.C. § 12475(c)(2)(A)(B)(C), and 34 U.S.C. § 12494, are federal statutes. In other words, they are "laws . . . of the United States." *Id.* Because Plaintiff brings claims under these federal statutes, the federal court has jurisdiction. Defendant had a right to remove the case to federal court.

As Plaintiff notes, 34 U.S.C. § 12361(e)(3) states that "[t]he Federal and State courts shall have concurrent jurisdiction over actions brought pursuant to this part." 34 U.S.C. § 12361 (e)(3). However, "concurrent jurisdiction is not a bar to removal and is not grounds for remand to the state court." *McArthur v. Carmichael*, 1998 WL 146233, at *2 (S.D.N.Y. Mar. 25, 1998). If the federal court has jurisdiction, the defendant has a right to remove the case to federal court,

even if the state court also has jurisdiction.

Plaintiff also argues that this claim is unremovable due to 28 U.S.C. § 1445(d). That statute states that "[a] civil action in any State court arising under section 40302 of the Violence Against Women Act of 1994 may not be removed to any district court of the United States." 28 U.S.C. § 1445(d). Section 40302 of the Violence Against Women Act is currently codified at 34 U.S.C. § 12361. *See* Pub. L. No. 103-322, § 40302, 108 Stat. 1796 (1994). The cause of action in that Section, codified at 34 U.S.C. § 12361(c), states that:

> A person (including a person who acts under color of any statute, ordinance, regulation, custom, or usage of any State) who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) shall be liable to the party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and such other relief as a court may deem appropriate.

34 U.S.C. § 12361(c). Even construing Plaintiff's complaint with the solicitude required for a pro se party, Plaintiff's allegations do not give rise to a civil action under this Section. The statute speaks to "a crime of violence." 34 U.S.C. § 12361(c). Plaintiff does not allege Bronxworks committed a crime of violence towards her. She alleges that Bronxworks ignored her concerns and significantly delayed her ability to find new housing despite being aware of her urgent needs. *See* Dkt. No. 1.

Also, and perhaps more importantly, 34 U.S.C. § 12361(c) was ruled unconstitutional in *United States v. Morrison*, 529 U.S. 598, 627 (2000), in which the Supreme Court held that Congress lacked constitutional authority to enact this section of the statute. Therefore, it is not possible for Plaintiff to bring a claim under this statute. The case cannot be remanded due to 28 U.S.C. § 1445(d).

Plaintiff brings claims under 34 U.S.C. § 12474(d)(1)(A)(B)(C), 34 U.S.C. § 12475(c)(2)(A)(B)(C), 34 U.S.C. § 12494, and 34 U.S.C. 12491(b)(1), (d)(2)(C), and (f). Dkt.

No. 1.  These are federal statutes, and therefore Defendants properly removed the case to federal court.  There is no legal basis for the Court to remand the case to state court.

Therefore, Plaintiff's motion to remand is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 10.

SO ORDERED.

Dated: January 6, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge