**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
EBIRANNA EVANS,

              Plaintiff,

    -against-                                    24 **CIVIL** 7507 (LJL)

                                                **<u>JUDGMENT</u>**

BRONXWORKS, INC.,

              Defendant.
-----------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated December 3, 2025, the motion for judgment on the pleadings is GRANTED. "[A] district 'court should not dismiss [a complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991)). Here, giving Plaintiff's complaint the requisite liberal reading, there is no indication that a valid claim could be stated. Plaintiff has no recourse against Defendant under VAWA, the statute upon which she relies, because that statute does not allow a private right of action. She also has no recourse under Title VI because there is no indication from her pleading that she was the victim of discrimination based on a characteristic protected by that statute. Nor has she evidenced an actionable contract between herself and Bronxworks that would give rise to her requested damages. Plaintiff was the victim of an unfortunate set of circumstances and delays, but according to her complaint those delays arose because of Bronxworks' challenges dealing with a volume of cases. The thrust of Plaintiff's complaint is not that she was discriminated against based on her status as a victim of domestic violence, or that she was retaliated against by Bronxworks on that basis. It is that

Bronxworks failed as a matter of course to timely address her emergency requests because in the undifferentiated and perhaps callous words of the staff member, "everyone here has an emergency." Compl. ¶ 4. On the basis of those pleadings, she has not claimed and cannot claim to be a victim of discrimination because of her status as a domestic violence victim. Nor has she pled any contract between the parties—the attached Independent Living Plan refutes a contractual cause of action considering the lack of consideration and lack of any enforceable promise. Therefore, the Complaint is dismissed with prejudice. See Johnson *v. MTA-New York City Transit*, 2020 WL 6530915, at *11 (S.D.N.Y. Feb. 6, 2020) (dismissing a pro se complaint with prejudice where "the problem with plaintiff's causes of action is substantive such that better pleading will not cure it"); *Joseph v. JRF Income Tax Bus. Servs.*, 2021 WL 3516421, at *6 (E.D.N.Y. Aug. 10, 2021) (denying leave to amend where the claims are "fundamentally invalid"); *Cuoco v. Moritsugu*, 222 F.3de 99, 112 (2d Cir. 2000) ("a futile request to replead should be denied"); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (where leave to amend "is unlikely to be productive," "it is not an abuse of discretion to deny leave to amend"); accordingly, the case is closed.

**Dated:**  New York, New York

December 4, 2025

**TAMMI M. HELLWIG**

_____

**Clerk of Court**

**BY:**

_____

**Deputy Clerk**